IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 14-3354 |
| ) | |
| **REBECCA L. BROWN,** ) | |
| ) | |
| Defendant. ) | |

## OPINION CONFIRMING SALE

**Sue E. Myerscough, U.S. District Judge:**

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court. The Court, having reviewed the relevant materials, finds as follows:

1. The common address and legal description of the real estate at issue:

    611 N. 12th Street, Petersburg, IL 62675

    Lots 11 and 12 in Block 5 in Bennett's Third Addition to the Town, now City of Petersburg situated in the County of Menard and State of Illinois

PIN No. 11 14 205 003

2. A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

3. The terms of sale were fair and not unconscionable;

4. The sale was conducted fairly and without fraud;

5. Justice was done by the sale;

6. All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7. This Court obtained personal jurisdiction over the Defendant, Rebecca L. Brown.

IT IS THEREFORE ORDERED:

A. The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B. The United States has not waived its right to subsequently administratively collect or reduce to judgment, in a separate cause of action against the defendants signing the promissory note secured by the mortgage foreclosed herein, the deficiency set forth in the Report of Sale, even though no such deficiency judgment is sought in this foreclosure proceeding.

C. The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS 5/15-1509(a).

D. The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession

of the above-described real estate on the 31st day after entry of this order.

E. The mortgagor (homeowner) has the right to possess the foreclosed premises for 30 days after entry of an order of possession in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

  (1) On the 31st day after entry of this order, the defendant mortgagor and all persons claiming through the defendant mortgagor shall have removed themselves and their belongings and property from this mortgaged real estate and shall peaceably surrender possession of the property to the purchaser of this property or the assignee of the purchaser.

  (2) If any persons referenced in the above subparagraph remain on the premises on or after the 31st day following the approval of the judicial sale of this mortgaged real estate, the United States Marshal, without further court order, is hereby directed and ordered as soon as practicable thereafter to use any and all necessary reasonable force to enter the above-described mortgaged premises, including any outbuildings and vehicles located thereon, and to remove all occupants located thereon, who are present on the premises and who refuse to vacate immediately and voluntarily at the United States Marshal's direction; in addition, any and all personal property left on the mortgaged premises by the defendant mortgagor and/or any and all other persons having left the property, is hereby declared forfeited to the United States. If the United States Marshal determines the above-described personal property to be without value or of *di minimus* value that would neither

exceed nor equal the costs of notice, storage, and sale, the United States Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises and removing all occupants who are unauthorized to remain on the premises, the United States Marshal is then hereby directed to remit possession and custody of the premises to the purchaser of the property at the sale judicially approved by this Court.

F. There is no just reason to delay enforcement of or appeal from this final order.

ENTER: June 17, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
